IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAVIER RUVALCABA a/k/a | § | |
| JAVIER LOPEZ #1613653 | § | |
| | § | |
| V. | § | A-15-CA-1000-LY |
| | § | |
| WILLIAM STEPHENS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules.  Before the Court is Plaintiff's "Motion for Discovery 5 § 552 Freedom of Information Act." Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

According to Plaintiff, on June 24, 2014, William Stephens or his agents went into Plaintiff's housing area and confiscated all of his legal materials and failed to follow proper procedure by not giving Plaintiff an itemized copy of what they confiscated.  Plaintiff claims Stephens is still holding the materials without his consent.  Plaintiff further claims he was charged with a false disciplinary case and was retaliated against for asserting his constitutional rights under the Uniform Commercial Code, international law, common law copyright law, corporate law, and public law.  According to Plaintiff, Stephens accused him of filing a fraudulent lien on some entity over which they have authority.  Plaintiff requests, pursuant to the Freedom of Information Act, the

Court order Stephens to produce a copy of the UCC-3 Financing Statement or Instrument that Stephens claims was caused to be filed by Plaintiff.

## DISCUSSION AND ANALYSIS

Plaintiff's pleading should be construed as a request for mandamus relief and be dismissed as frivolous. Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. See 28 U.S.C. § 1651. Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Federal district courts do not have jurisdiction to issue the writ against a state actor or agency. See generally Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); accord, Noble v. Cain, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL 361818) (citing Moye to hold federal mandamus relief is not available to direct state officials in the performance of their duties). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Thus, the Court is without jurisdiction over Plaintiff's "Motion for Discovery 5 § 552 Freedom of Information Act."

Moreover, the Freedom of Information Act applies only to federal agencies. See Wright v. Curry, 122 F. App'x 724, 725 (5th Cir. 2004) (citing 5 U.S.C. § 552) (FOIA). Accordingly, the Freedom of Information Act does not provide a basis for a relief against William Stephens, Director of the Texas Department of Criminal Justice - Correctional Institutions Division.

## RECOMMENDATION

It is therefore recommended that Plaintiff's "Motion for Discovery 5 § 552 Freedom of Information Act" be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of November, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE